**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of                                                                  101 West Lombard Street
**Ellen Lipton Hollander**                                      Baltimore, Maryland 21201
District Court Judge                                                          410-962-0742

February 5, 2018

MEMORANDUM TO COUNSEL

    Re:    *Clancy v. Webb et al.*
               Civil Action No. ELH-17-3371

Dear Counsel:

As you know, on August 25, 2017, plaintiff Alexandra M. Clancy filed suit in the Circuit Court for Baltimore City against defendants J.W. Thompson Webb; Jack Ryan Enterprises, Ltd. ("JREL"); Jack Ryan Limited Partnership ("JRLP"); and Rubicon, Inc. ("Rubicon"). ECF 2 (Complaint). The case was removed to this Court on November 13, 2017, by JREL and JRLP (collectively, the "Jack Ryan Entities"), on the basis of federal questions raised in their counterclaims. ECF 1, ¶ 11.

On November 14, 2017, I directed the parties to submit simultaneous memoranda explaining the basis, or lack thereof, for the Court's exercise of subject matter jurisdiction. ECF 14. The Jack Ryan Entities, Rubicon, and Webb submitted their memoranda on December 4, 2017. ECF 17; ECF 18. Clancy filed her memorandum on December 11, 2017. ECF 26. Thereafter, on December 15, 2017, I granted leave for the Jack Ryan Entities to file a rebuttal memorandum (ECF 30), which they did on January 5, 2018. ECF 31. With leave of Court, Clancy filed a surreply memorandum on January 15, 2018. ECF 33.

After reviewing the memoranda, it appears that the Jack Ryan Entities have adequately alleged federal jurisdiction in Count II of their counterclaim. In particular, the Jack Ryan Entities have alleged that certain literary characters were sufficiently developed to satisfy the minimum requirement of originality for purposes of copyright protection. *See, e.g.*, ECF 9, ¶ 49. On this theory, the Jack Ryan Entities seek a declaration of rights in the characters. *Id.* ¶ 52.

This legal theory of ownership plausibly "arises under" the Copyright Act, 17 U.S.C. §§ 201 *et seq.*, insofar as it requires construction of the Act. *See Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 970 (4th Cir. 1990); *see also Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 355 (2d Cir. 2000). Therefore, this Court appears to have jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1454 and 28 U.S.C. § 1338. And, I shall exercise supplemental jurisdiction over the other claims and counterclaims. *See* 28 U.S.C. § 1367.

If, however, it is determined at some future point in this litigation that the Jack Ryan Entities' claims sound in contract, or otherwise do not require construction of the Copyright Act, this Court may be divested of jurisdiction.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge