# Exhibit 49

061107

# LAST WILL
## OF
### THOMAS L. CLANCY. JR

I, THOMAS L. CLANCY, JR. of Calvert County, Maryland, declare this to be my Last Will, hereby revoking all other Wills and Codicils heretofore made by me.

## ITEM FIRST

A.  ALEXANDRA M. CLANCY is my Wife, and, for brevity, she is referred to in this Will simply as my "Wife." I have one daughter by my Wife: ALEXIS JACQUELINE CLANCY.

B.  I have four children by my prior marriage: MICHELLE CLANCY BANDY, CHRISTINE CLANCY BLOCKSIDGE, THOMAS L. CLANCY, III, and KATHLEEN W. CLANCY. For brevity, they are referred to collectively as "my older children" and individually as an "older child."

## ITEM SECOND

I direct my personal representative or personal representatives, hereinafter named and, for convenience, sometimes referred to in the singular neuter, to expend such sums for my funeral and burial and for the erection of a suitable stone or marker at my grave as it, in its discretion, may deem proper, without the necessity of obtaining an order of court approving the payment.

## ITEM THIRD

A.  All estate, inheritance, legacy, succession and transfer taxes (including any interest and any penalties thereon) lawfully payable with respect to all property includible in my gross estate or taxable in consequence of my death by any State or Territory of the United States, or under the laws of the United States, or by any other taxing authority, whether or not such property passes under this my Will, and whether such taxes are payable by my estate, or, in the absence of this provision, by any recipient of any such property (including, but only in the discretion of my personal representative, any inheritance taxes that may, but need not, be prepaid), shall be paid by my personal representative out of my residuary estate, subject, however, to the provisions hereinafter contained in Item SIXTH hereof with respect to the Marital Share therein created; and my personal representative shall not be entitled to any reimbursement for any such taxes from any person or entity.

B.     This provision to pay all such taxes out of my residuary estate shall not apply, however, to any death taxes occasioned by my death attributable to the assets of any Irrevocable Trust of which I am a Settlor.

### ITEM FOURTH

A.     I give and bequeath to my Wife, if she survives me for thirty days, all of my tangible personal property of domestic or personal use.

B.     If my Wife does not so survive me, I give and bequeath all of my tangible personal property of domestic or personal use to my then surviving children in substantially equal shares. If my children are unable to agree on the division, my personal representative shall make the division.

### ITEM FIFTH

A.     I give and devise to my Wife, if she survives me for thirty days, all of my right, title, and interest in and to my real property in Calvert County, Maryland, known as Peregrine Cliff, which includes my residence and all contiguous parcels of land, whether improved or unimproved, and has a post office address of 5000 Camp Kaufmann Road, Huntingtown, MD 20639.

B.     I give and devise to my Wife, if she survives me for thirty days, all of my right, title, and interest in and to my real property on Martha's Vineyard, Dukes County, Massachusetts, that has a post office address of 12 Naushon Avenue, Oak Bluffs, MA 02557.

### ITEM SIXTH

I give, bequeath, and devise all of the rest and residue of my estate, real and personal, and wheresoever situate (hereinafter referred to as my "residuary estate"), including all property over which I may have any power of appointment, as follows:

A.     If my Wife survives me, there shall be first set apart and promptly transferred as set out below a separate fund (hereinafter sometimes referred to as the Marital Share) equal to one-third of my net estate, as calculated pursuant to Section 3-203( c) of the Estates and Trusts Article of the Annotated Code of Maryland.

(1)     My personal representative shall select and designate the cash, securities and other property, including real estate and interests therein, that shall be allocated to the Marital Share, regardless of cost basis, and the determinations so made by my personal representative shall be final and binding.



- 2 -

(2)     No asset or proceeds of any asset shall be included in the Marital Share as to which a marital deduction would not be allowable if included.

(3)     The Marital Share shall not be charged with or reduced by any estate, inheritance, succession or other tax of any kind or nature assessed by any State or under the laws of the United States or by any other taxing authority whatsoever.

(4)     My personal representative shall have full power to treat expenses as either estate tax or income tax deductions, to select tax valuation methods and dates, and to exercise any other allowable tax election, regardless of the effect thereof on the Marital Share. No adjustment to this fund shall be required by reason of any such election, and the determinations so made by my personal representative shall be final and binding.

(5)     The amount of the Marital Share shall be based upon values as finally determined for federal estate tax purposes. Assets may be allocated in cash or in kind to this fund. All assets allocated to the Marital Share shall have an aggregate fair market value fairly representative of the appreciation or depreciation in the value, to the date of each distribution, of all property then available for distribution.

(6)     This fund shall abate to the extent that it cannot be satisfied in the manner hereinabove provided.

(7)     I direct that the amount of the Marital Share created for my Wife pursuant to Paragraph A hereof shall be reduced by the value of all property passing to her pursuant to Items FOURTH and FIFTH of this Will.

(8)     The Marital Share shall be paid over and transferred to and held by my trustee or trustees, hereinafter named and sometimes, for convenience, referred to in the singular neuter, as a separate trust, called the "Marital Trust," which shall be administered as set out below in Item SEVENTH.

B.     I direct that one-half of the remainder of my residuary estate shall be paid over and distributed to my trustee as a separate trust, called the "Non-Exempt Family Residuary Trust," which shall be administered as set out below in Item EIGHTH.

- 3 -

C.    I direct that the other one-half of the remainder of my residuary estate shall be administered as follows:

(1)    I direct that an amount equal to the applicable credit amount allowed to my Estate pursuant to Section 2010 of the Internal Revenue Code of 1986, as amended ("IRC"), shall be paid over and distributed to my trustee as a separate trust, called the "Exempt Residuary Trust," which shall be administered as set out below in Item NINTH.

(2)    I direct that the balance of my residuary estate, after funding the Exempt Residuary Trust, shall be paid over and distributed to my trustee as a separate trust, called the "Non-Exempt Older Children's Residuary Trust," which shall be administered as set out below in Item TENTH.

## ITEM SEVENTH

THE MARITAL TRUST

A.    My trustee shall pay over the entire net income from the Marital Trust to my Wife, at least quarter-annually, during her lifetime.

B.    My trustee shall have full power, in its discretion, to pay to my Wife or to apply for her benefit such sums out of the principal of the Marital Trust from time to time as it, in its discretion, deems advisable or proper for her continued maintenance, support, and health.

C.    In addition, my Wife shall have the right from time to time, by a simple request in writing delivered to my trustee, to withdraw any part or all of the principal of the Marital Trust.

D.    Upon the death of my Wife, the remainder of the Marital Trust, if any, both principal and undistributed income, shall be paid over and distributed by my trustee to or among such one or more persons and legal entities, including her estate, her creditors and the creditors of her estate, in such amounts and proportions and upon such terms and conditions, in further trust or otherwise, as my Wife may validly appoint by her Last Will and Testament, by specific reference to, and express exercise of, the general testamentary power of appointment herein granted to her, which shall be exercisable by her alone and in all events.

E.    The remainder of the Marital Trust, if any, both principal and undistributed income, not so validly appointed by her Will, shall be by my trustee added to and merged with the principal of the Non-Exempt Family Residuary Trust, to be held, administered and disposed of as a part thereof.

- 4 -

## ITEM EIGHTH

THE NON-EXEMPT FAMILY RESIDUARY TRUST

     A.    My trustee shall pay over the entire net income from the Non-Exempt Family Residuary Trust to my Wife, at least quarter-annually, during her lifetime.

     B.    Upon the exhaustion of the Marital Trust, my trustee shall have full power, in its discretion, to pay to or apply for the benefit of my Wife or my child or children by my Wife who are living from time to time, out of the principal of the Non-Exempt Family Residuary Trust, such amounts and in such proportions as my trustee, in its absolute discretion, from time to time may deem advisable and proper to provide for her or their continued maintenance, support, health, and education (including secondary, college, postgraduate, professional or other education).

     C.    In determining whether, when, and for whom any such payments pursuant to Paragraph B hereof shall be made, and the amounts thereof, if any, my trustee is hereby requested to take into consideration the respective needs and best interests of the beneficiaries without any duty or obligation with respect to my children to pay over equal amounts to or for all of them.  Nevertheless, the decisions of my trustee shall be final and binding on all parties.

     D.    Upon the death of my Wife, or upon her remarriage, whichever event shall first occur, my trustee shall divide the then remainder of the Non-Exempt Family Residuary Trust, if any, together with all additions from the Marital Trust, both principal and undistributed net income, into a sufficient number of equal shares, if more than one, so that there shall be set apart one share for each of my children by my Wife who are then living and one such share for the descendants (as a group) of each of my children by my Wife who are not then living, but of whom there shall be one or more then living descendants.

     E.    (1)    Each share so set apart in Paragraph D for a then living child of mine by my Wife shall be held by my trustee as a separate trust.

          (a)    Until such child shall attain the age of twenty-one years, my trustee shall have power, in its discretion, to pay to or apply for the benefit of such child, from the net income of her or his respective trust, as much thereof as the trustee, in its sole judgment and discretion, shall deem to be advisable or proper to provide for the child's maintenance, support, health, and education (including secondary, college, postgraduate, professional, or other education). All net income not so distributed pursuant to this sub-paragraph (a) hereof shall be

- 5 -

accumulated and periodically added to the principal of the child's separate trust estate.

(b)     Upon and after attaining the age of twenty-one years, each child shall be entitled to receive the entire net income from her or his respective trust during her or his lifetime, in installments not less frequent than quarter-annually.

(2)     If, in the opinion and sole discretion of my trustee, the payments herein provided for any such child of mine shall be insufficient to provide for her or his continued maintenance, support, health, and education (including secondary, college, postgraduate, professional or other education) and generally for her or his best interests, my trustee shall have full power, in its discretion, to pay to or apply for the benefit of such child, from the principal of her or his respective trust, as much thereof as it, in its sole judgment and discretion, shall deem to be advisable and proper under the circumstances.

(3)     Each child shall have the right, upon attaining the age of thirty years, or at any time and from time to time thereafter, to withdraw free of trust, from the principal of her or his respective trust, upon her or his written request, such sum or sums as the child may see fit, not exceeding in the aggregate, however, before she or he attains the age of thirty-five years, one-third of the value of the principal of the trust as valued by my trustee at the time of the first withdrawal; and upon attaining the age of thirty-five years, or at any time and from time to time thereafter until attaining the age of forty years, the child shall have the right to withdraw free of trust such sum or sums as she or he may see fit, not exceeding in the aggregate, however, two-thirds of the value of the principal of the trust, likewise so valued and including, for the purpose of computing the two-thirds, all withdrawals, if any, by the child prior to having attained the age of thirty-five years; and upon attaining the age of forty years, or at any time and from time to time thereafter, each child shall have the right so to withdraw any part or all of the balance of the trust, free and clear of any further trust.

(4)     Upon the death of each child, whatever then remains, if any, of her or his trust, both principal and undistributed income, shall be paid over and delivered by my trustee to or among such one or more persons and legal entities, including the child's estate, her or his creditors, and the creditors of her or his estate, in such amounts and proportions and upon such terms and conditions, in further trust or otherwise, as my child may, by her or his Last Will and Testament, validly appoint by specific reference to and express exercise of the general testamentary power herein granted to the child, which shall be exercisable by him or her alone



- 6 -

and in all events. If no notice of the existence of a Last Will and Testament exercising this power shall have been received by my trustee within sixty days after the death of the child, my trustee may assume that she or he did not exercise the power, either in whole or in part.

(5)     Upon the death of each child, whatever then remains, if any, of her or his trust, not so validly appointed, shall be divided for the benefit of the child's then living descendants, if any, per stirpes and shall be held in further trust in accordance with the provisions of Paragraph G hereof, but if none, then one equal share to each of my children by my Wife then living and one equal share to the then living descendants (as a group) of each of my children by my Wife then deceased, per stirpes as to the descendants, and shall be held in further trust in accordance with the provisions of Paragraph G, and provided, further, that if any of my children who would be entitled, under the foregoing provisions of this sub-paragraph (5) of this Paragraph E, to receive all or any part of such trust, shall be the beneficiary of an existing trust created pursuant to the provisions of this Item EIGHTH, then that trust or part thereof shall not be paid over absolutely to the child, but shall be added to and merged with and shall become a part of the principal of the existing trust.

F.     Each share set apart as hereinbefore in Paragraph D provided for the descendants of a deceased child shall be divided among the descendants, per stirpes, and shall be administered in trust in accordance with the terms of Paragraph G hereof.

G.     (1)     (a)     Each share set apart for a then living descendant of a deceased child as provided in sub-paragraph (5) of Paragraph E hereof or as provided in Paragraph F hereof shall be held by the trustee as a separate trust.

(b)     Each descendant, upon and after attaining the age of twenty-one years, shall be entitled to receive the entire net income of her or his respective trust estate during her or his lifetime, payable in installments not less frequent than quarter-annually.

(c)     In the event that the descendant shall not have attained the age of twenty-one years at the time of the creation of her or his separate trust, my trustee shall have full power, in its discretion, to pay to or apply for the benefit of such descendant, from the income of her or his respective trust, as much thereof as my trustee, in its sole discretion, shall deem to be advisable or proper to provide for such descendant's continued maintenance, support, health, and education (including secondary, college, postgraduate, professional or other education).  My trustee shall accumulate and add periodically to the principal of the descendant's separate trust all

- 7 -

income not required for the purposes set forth in this sub-paragraph (1)( c).

(2)     Each descendant shall have the right, upon attaining the age of thirty years, or at any time and from time to time thereafter, to withdraw free of trust, from the principal of her or his respective trust, upon her or his written request, such sum or sums as such descendant may see fit, not exceeding in the aggregate, however, before she or he attains the age of thirty-five years, one-third of the value of the principal of the trust as valued by my trustee at the time of the first withdrawal; and upon attaining the age of thirty-five years, or at any time and from time to time thereafter until attaining the age of forty years, the descendant shall have the right to withdraw free of trust such sum or sums as she or he may see fit, not exceeding in the aggregate, however, two-thirds of the value of the principal of such trust, likewise so valued and including, for the purpose of computing the two-thirds, all withdrawals, if any, by the descendant prior to having attained the age of thirty-five years; and upon attaining the age of forty years, or at any time and from time to time thereafter, each descendant shall have the right so to withdraw any part or all of the balance of her or his trust, free and clear of any further trust.

(3)     If, in the opinion and sole discretion of my trustee, the payments herein provided for a descendant shall be insufficient to provide for her or his continued maintenance, support, health, and education (including secondary, college, post-graduate, professional or other education) and generally for her or his best interests, my trustee shall have full power, in its discretion, to pay to or apply for the benefit of such descendant, from the principal of her or his respective trust, as much thereof as it, in its sole judgment and discretion, shall deem to be advisable and proper under the circumstances.

(4)     Upon the death of each descendant, the remainder, if any, of her or his trust estate shall be paid over and delivered to the personal representative of the descendant's estate.

H.     Any assets that are not finally distributable free of trust pursuant to the provisions of the Non-Exempt Family Residuary Trust shall be paid over and delivered by my trustee or personal representative as the case may be to my older children and their descendants, per stirpes.

## **ITEM NINTH**

THE EXEMPT RESIDUARY TRUST

A.     My trustee shall divide the Exempt Residuary Trust into a sufficient number of

- 8 -

equal shares, if more than one, so that there shall be set apart one such share for the then living descendants (as a group) of each of my older children.  If there is more than one descendant of an older child, the share shall be divided, per stirpes into separate trusts for the descendants.

B.      Each share so set apart in Paragraph A shall be held by my trustee as a separate trust.

(1)     Until the descendant shall attain the age of twenty-one years, my trustee shall have power, in its discretion, to pay to or apply for the benefit of the descendant, from the net income of her or his respective trust, as much thereof as the trustee, in its sole judgment and discretion, shall deem to be advisable or proper to provide for the descendant's maintenance, support, health, and education (including secondary, college, postgraduate, professional, or other education). All net income not so distributed pursuant to this sub-paragraph (a) shall be accumulated and periodically added to the principal of the child's separate trust estate.

(2)     Upon and after attaining the age of twenty-one years, each descendant shall be entitled to receive the entire net income from her or his respective trust during her or his lifetime, in installments not less frequent than quarter-annually.

(3)     If, in the opinion and sole discretion of my trustee, the payments herein provided for a descendant shall be insufficient to provide for her or his continued maintenance, support, health, and education (including secondary, college, postgraduate, professional or other education) and generally for her or his best interests, my trustee shall have full power, in its discretion, to pay to or apply for the benefit of such child, from the principal of her or his respective trust, as much thereof as it, in its sole judgment and discretion, shall deem to be advisable and proper under the circumstances.

(4)     Each descendant shall have the right, upon attaining the age of thirty years, or at any time and from time to time thereafter, to withdraw free of trust, from the principal of her or his respective trust, upon her or his written request, such sum or sums as the descendant may see fit, not exceeding in the aggregate, however, before she or he attains the age of thirty-five years, one-third of the value of the principal of the trust as valued by my trustee at the time of the first withdrawal; and upon attaining the age of thirty-five years, or at any time and from time to time thereafter until attaining the age of forty years, the descendant shall have the right to withdraw free of trust such sum or sums as she or he may see fit, not exceeding in the aggregate, however, two-thirds of the value of the principal of the trust, likewise so valued and



- 9 -

including, for the purpose of computing the two-thirds, all withdrawals, if any, by such child prior to having attained the age of thirty-five years; and upon attaining the age of forty years, or at any time and from time to time thereafter, each descendant shall have the right so to withdraw any part or all of the balance of such trust, free and clear of any further trust.

(5)     Upon the death of each such descendant, whatever then remains, if any, of her or his trust estate shall be paid over and delivered to the personal representative of the descendant's Estate.

## **ITEM TENTH**

THE NON-EXEMPT OLDER CHILDREN'S RESIDUARY TRUST

A.     My trustee shall divide the Non-Exempt Older Children's Residuary Trust into a sufficient number of equal shares, if more than one, so that there shall be set apart one such share for each of my older children then living and one such share for the descendants (as a group) of my older children who shall not be then living, but of whom there shall be one or more then living descendants.

B.     (1)     Each share so set apart in Paragraph A for a then living older child shall be held by my trustee as a separate trust.

(a)     Until the child shall attain the age of twenty-one years, my trustee shall have power, in its discretion, to pay to or apply for the benefit of such child, from the net income of her or his respective trust, as much thereof as the trustee, in its sole judgment and discretion, shall deem to be advisable or proper to provide for the child's maintenance, support, health, and education (including secondary, college, postgraduate, professional, or other education). All net income not so distributed pursuant to this sub-paragraph (a) shall be accumulated and periodically added to the principal of the child's separate trust estate.

(b)     Upon and after attaining the age of twenty-one years, each child shall be entitled to receive the entire net income from her or his respective trust during her or his lifetime, in installments not less frequent than quarter-annually.

(2)     If, in the opinion and sole discretion of my trustee, the payments herein provided for a child shall be insufficient to provide for her or his continued maintenance, support, health, and education (including secondary, college, postgraduate, professional or other education) and generally for her or his best interests, my trustee shall have full power, in its discretion, to pay to or apply for the benefit of such child, from the principal of her or his

- 10 -

respective trust, as much thereof as it, in its sole judgment and discretion, shall deem to be advisable and proper under the circumstances.

(3)     Each child shall have the right, upon attaining the age of thirty years, or at any time and from time to time thereafter, to withdraw free of trust, from the principal of her or his respective trust, upon her or his written request, such sum or sums as the child may see fit, not exceeding in the aggregate, however, before she or he attains the age of thirty-five years, one-third of the value of the principal of the trust as valued by my trustee at the time of the first withdrawal; and upon attaining the age of thirty-five years, or at any time and from time to time thereafter until attaining the age of forty years, such child shall have the right to withdraw free of trust such sum or sums as she or he may see fit, not exceeding in the aggregate, however, two-thirds of the value of the principal of the trust, likewise so valued and including, for the purpose of computing the two-thirds, all withdrawals, if any, by such child prior to having attained the age of thirty-five years; and upon attaining the age of forty years, or at any time and from time to time thereafter; each such child shall have the right so to withdraw any part or all of the balance of such trust, free and clear of any further trust.

(4)     Upon the death of a child, whatever then remains, if any, of her or his trust shall be divided for the benefit of the child's then living descendants, if any, per stirpes and shall be held in further trust in accordance with the provisions of Paragraph G hereof, but if none, then one equal share to each of my older children then living, and one equal share to the then living descendants (as a group) of each then deceased older child, per stirpes as to such descendants, and shall be held in further trust in accordance with the provisions of Paragraph D, and provided, further, that if any child who would be entitled under the foregoing provisions of this sub-paragraph (4) to receive all or any part of the trust shall be the beneficiary of an existing trust created pursuant to the provisions of this Item NINTH, then the trust or part thereof shall not be paid over absolutely to that child, but shall be added to and merged with and shall become a part of the principal of the existing trust for that child.

C.     Each share set apart pursuant to Paragraph B for the descendants of a deceased child shall be divided among the child's descendants, per stirpes, and shall be administered in trust in accordance with the terms of Paragraph G hereof

D.     (1)     (a)     Each share so set apart for a then living descendant of a deceased child of mine, as provided in sub-paragraph (4) of Paragraph E hereof, or as provided in

- 11 -

Paragraph F hereof, shall be held by the trustee as a separate trust.

(b)     Each descendant, upon and after attaining the age of twenty-one years, shall be entitled to receive the entire net income of her or his respective trust estate during her or his lifetime, payable in installments not less frequent than quarter-annually.

(c)     In the event that the descendant shall not have attained the age of twenty-one years at the time of the creation of her or his separate trust, my trustee shall have full power, in its discretion, to pay to or apply for the benefit of such descendant, from the income of her or his respective trust, as much thereof as my trustee, in its sole discretion, shall deem to be advisable or proper to provide for such descendant's continued maintenance, support, health, and education (including secondary, college, postgraduate, professional or other education). My trustee shall accumulate and add periodically to the principal of the descendant's separate trust all income not required for the purposes set forth in this sub-paragraph (1)(c).

(2)     Each descendant shall have the right, upon attaining the age of thirty years, or at any time and from time to time thereafter, to withdraw free of trust from the principal of her or his respective trust upon her or his written request, such sum or sums as the descendant may see fit, not exceeding in the aggregate, however, before she or he attains the age of thirty-five years, one-third of the value of the principal of the trust as valued by my trustee at the time of the first withdrawal; and upon attaining the age of thirty-five years, or at any time and from time to time thereafter until attaining the age of forty years, the descendant shall have the right to withdraw free of trust such sum or sums as she or he may see fit, not exceeding in the aggregate, however, two-thirds of the value of the principal of such trust, likewise so valued and including, for the purpose of computing the two-thirds, all withdrawals, if any, by such descendant prior to having attained the age of thirty-five years; and upon attaining the age of forty years, or at any time and from time to time thereafter, each such descendant shall have the right so to withdraw any part or all of the balance of her or his trust, free and clear of any further trust.

(3)     If, in the opinion and sole discretion of my trustee, the payments herein provided for any descendant shall be insufficient to provide for her or his continued maintenance, support, health, and education (including secondary, college, post-graduate, professional or other education) and generally for her or his best interests, my trustee shall have full power, in its discretion to pay to or apply for the benefit of the descendant, from the principal of her or his respective trust, as much thereof as it, in its sole judgment and discretion, shall



- 12 -

deem to be advisable and proper under the circumstances.

(4)     Upon the death of each such descendant, whatever then remains, if any, of her or his trust estate shall be paid over and delivered to the personal representative of such descendant's estate.

## ITEM ELEVENTH

A.     Any provision in this Will to the contrary notwithstanding, if at any time after the death of the last to die of my Wife and me, my trustee, in its discretion, shall determine that the size of any trust arising hereunder does not warrant the cost of continuing the trust or if its administration would be otherwise impractical, my trustee, in full discharge of its duty and without formal court accounting, may pay the remaining principal and income of the trust to the person then entitled or permitted to receive the income from that trust. If that person is legally incapable of receiving it, my trustee may pay it to the guardian, parent or person having custody of that person, or may deposit the same in a savings fund in the name of that person, if a minor, payable to the minor upon attaining the age of majority or my trustee transfer the assets to an individual selected by my trustee to be the Custodian for such minor until the age of twenty-one years under the Uniform Transfers to Minors Act of Maryland. Upon any such payment, deposit or transfer under the provisions of this paragraph, the interests of all succeeding beneficiaries, whether vested or contingent, shall be terminated and my trustee shall be relieved of all duties in connection with such trust and shall not be required to account therefor in any court.

B.     All assets, if any, of my Estate at any time not finally distributable free of trust pursuant to one or more of the foregoing provisions of this Will shall be paid over and delivered by my trustee or personal representative, as the case may be, to The Johns Hopkins Hospital, Baltimore, Maryland.

## ITEM TWELVETH

A.     Upon the death of any beneficiary hereunder, my trustee shall have full power to pay out of the principal of the trust from which the beneficiary was entitled or permitted, in the exercise of discretion herein granted, to receive income immediately prior to her or his death, before any other disposition of the trust provided for by this Will shall be made, such sum or sums as shall be necessary and proper, within the discretion of my trustee, to provide for any part or all of the funeral expenses (including the cost of a suitable marker for the grave) and the expenses of the last illness of the beneficiary, to the extent that the cash and other assets readily

- 13 -

reducible to cash in the estate of such beneficiary, as known to my trustee, shall be insufficient to satisfy the expenses.

B.      Except as is elsewhere herein provided or permitted to the contrary, and subject to the provisions of the following paragraph, my trustee shall pay all amounts of income and principal payable hereunder to any person, into the hands of that person and not to any other person or entity whatsoever, whether claiming by her or his authority or otherwise. The payments shall not be subject to any assignment or order and may not be anticipated in any manner whatsoever. Neither the principal nor the income may be taken in execution by attachment or garnishment nor by any other legal or equitable proceeding whatsoever. However, deposit to the credit of the account of any person in a bank, trust company or other depositary shall be deemed to be the equivalent of payment into the hands of that person.

C.      If any person entitled to payments of principal or income hereunder is under twenty-one years of age, or is incapacitated, mentally or physically, temporarily or permanently (and whether or not such person shall be so incapacitated shall be within the sound judgment of my trustee, which shall be binding upon all persons interested therein), then during the continuance of the trust as to that person, my trustee may make such payments of principal or income to the parent, guardian (with respect to the Marital Trust, only to the guardian of my Wife should she be disabled) or other individual or individuals who are, in the judgment of my trustee, in proper charge of the person, or my trustee, in its discretion, may expend, apply or transmit on her or his behalf any part or all of the principal or income for her or his continued maintenance, support, health, and education. In any such event, payments may be made, received and applied without the necessity of any accounting to or approval of any court, and all such payments made in good faith shall constitute a complete release and acquittance therefore of my trustee.

D.      Anything in this Will to the contrary notwithstanding, and whether or not any reference is made in any other provision of this Will to the limitations imposed by this Paragraph D, neither my personal representative nor my trustee shall have or exercise any authority, power, or discretion over the Marital Share or the income thereof, or the property constituting the Marital Share, nor shall any payment or distribution by my personal representative or my trustee be limited or restricted by any provision of this Will that would in any way prevent my estate from receiving the benefit of the marital deduction as hereinbefore set forth.

- 14 -

E.    If my Wife shall die simultaneously with me or under such circumstances that it is impossible, or there is no sufficient proof, to determine who predeceased the other, she shall be deemed to have survived me and the provisions of this Will shall be construed upon that presumption, notwithstanding the provisions of any law establishing a different presumption of order of death.

F.    I hereby direct that my trustee, in its determination from time to time upon the exercise or non-exercise of the discretionary power granted to it to make payments from the principal of a trust or share thereof to or for the benefit of a beneficiary or one or more of a group of beneficiaries, may take into consideration the other income and assets readily reducible to cash reasonably available to the respective beneficiaries for the purposes for which the discretionary power is granted. In this connection, I authorize and empower my trustee to rely conclusively upon such information with respect to income and other financial resources as may, in its judgment, have been presented to it in good faith, whether by the beneficiary or on behalf of the beneficiary by another. I hereby admonish my trustee, however, that it is not my intent that the discretion herein granted shall be exercisable only upon the complete exhaustion of other financial resources of the beneficiaries hereof. If my trustee, after reasonable effort, is unable to obtain any such information, then it is authorized to make payments from the principal of the trust without regard to any other income and other financial resources of the beneficiary.

## ITEM THIRTEENTH

A.    The powers and discretions hereinafter granted to my personal representative and to my trustee are in addition to, and not in derogation or limitation of, any other powers implied or necessary for the performance of their respective duties, and all such powers may be exercised by them, respectively, without previous application to or subsequent ratification by any Court.

B.    I authorize and empower my personal representative and my trustee, each respectively, in its sole and absolute discretion:

(1)    To invest, reinvest and change the investments of any trust and to keep the same invested in such stocks, common or preferred, common trust funds, bonds, mortgages, mutual funds, certificates of deposit (including certificates of deposit issued by the Corporate trustee), or other property, real or personal, and in such proportions, as it may consider advisable or proper, without being restricted as to the character of any investment by any statute or rule of law or court governing the investment of trust funds.

(2)    To retain any and all property which I may own at the time of my death Until such time as it may deem it desirable to sell or otherwise dispose of the same; provided,

- 15 -

however, any such property held as a part of the Marital Trust which is or becomes unproductive shall, if my Wife so directs, be sold or otherwise disposed of pursuant to the powers hereinbelow set forth.

(3)     To sell (either at public or private sale), lease for such term or terms as it may deem desirable, irrespective of the possible termination of the trust, pledge, mortgage, transfer, exchange, partition, convert or otherwise dispose of, or grant options with respect to, any and all property, real or personal, at any time forming a part of my estate or of any trust, in such manner, at such time or times, for such purposes, for such prices and upon such terms, credit and conditions as it may deem desirable.

(4)     To borrow money for any purposes connected with the protection, preservation or improvement of my estate or of any trust created, including for the purpose of exercising any outstanding stock options possessed by my estate or any trust created hereunder, whenever it shall deem such action advisable.

(5)     To vote in person or by general or limited proxy, with or without power of substitution, with respect to any shares of stock or other securities held by it, and to consent, directly or through a committee or other agent, to the reorganization, consolidation, merger, dissolution or liquidation of any corporation in which my estate or any trust may have any interest, or to the sale, lease, pledge or mortgage of any property by or to any such corporation; and to make any payments and to take any step which it may deem necessary or proper to obtain the benefit of any such transaction.

(6)     To administer my estate and the trusts hereunder in accordance with the provisions of any principal and income act in force and effect from time to time.

(7)     To pay, compromise, compound, extend, modify, renew, adjust, submit to arbitration, sell or release any claims or demands of my estate or any trust hereunder against others or of others against my estate or against any such trust as it shall deem advisable, and to make any payments in connection therewith.

(8)     To create reserves out of income to insure prompt payment of taxes or assessments, repairs and all other obligations, and to restore to income such reserves as may be unused.

(9)     To advance money for the protection of the trust or trusts and for all expenses, losses and liabilities incurred in or about the execution or protection of any such trust or because of the holding or ownership of any property subject thereto. For all such advances, the trustee shall have a lien on the trust property and may reimburse itself with interest therefor out of the trust property.

(10)     To exercise any outstanding stock options possessed by my estate or by any trust created hereunder.

(11)     Subject to the provisions of Paragraph C hereof, to receive other property

- 16 -

of any type acceptable to the trustee, including, but not by way of limitation, life insurance proceeds, which may be devised, bequeathed, assigned, granted, conveyed or made payable to the trustee by me, my Wife, or by any other person, to be added to and administered in accordance with the then applicable provisions of the trust or trusts hereunder; provided, however, if more than one trust is then being administered hereunder, my Wife, by Will, or such other person, in the instrument of transfer, may specify, among which trust and in what proportions such property shall be allocated. If my Wife shall add investments of her own during her lifetime, such additions shall be allocated to the Marital Trust, and in addition to any other rights of withdrawal that may have been granted to her elsewhere in this Will, she shall at all times have the right to withdraw from the principal of the Marital Trust an amount equal to the value when received of all such additions she shall have made to it.

(12)    To make divisions or distributions of all or any part of my estate or of any trust hereby created in kind or in cash, or partly in kind and partly in cash, to cause any share, part or portion of my estate or any such trust to be composed of property different in kind from any other share, part or portion, and, in its discretion, to allocate particular assets or portions thereof or undivided interests therein to anyone or more of the beneficiaries hereunder taking into account the income tax bases of such assets as it shall deem to be for the best interests of the beneficiaries of my estate and of any trust hereby created. For the purpose of any such distribution, to select such securities or other property as it may deem suitable, and to place such valuation upon such securities or other property as it may determine. The decision of said personal representative or trustee shall be final and binding upon all parties in interest.

(13)    To execute, acknowledge and deliver any and all instruments in writing which my personal representative or my trustee may deem advisable to carry out any of the foregoing powers, including the power to indicate any division or distribution of my estate or of any trust by deeds or other writings or instruments recorded among the public records of any jurisdiction where any such property may be located. No party to any such instrument in writing signed by my personal representative or my trustee shall be bound to see to the application by it of any money or other consideration paid or delivered to it pursuant to the terms of such instrument.

(14)    To treat my entire trust estate, other than the Marital Trust, as a common fund for the purpose of investment, notwithstanding any provision herein for division thereof into shares or separate trusts.

(15)    To decide with absolute discretion whether disbursements by my personal representative shall be taken as estate tax or income tax deductions, and to elect annual accounting periods; all such decisions and elections shall be final and conclusive upon all persons interested hereunder whether or not the amount of their respective interests or shares are thereby affected.

(16)    To employ counsel in the administration of my estate.

(17)    To employ accountants, investment advisers and such other agents as my personal representative or my trustee deem advisable to assist it in the administration or

- 17 -

investment of my estate or any trusts, and my personal representative or my trustee may rely upon information or advice furnished by such agents. My personal representative or my trustee may charge the compensation of such accountants, investment advisers or other agents, in addition to other expenses and charges, against income or principal, or in part against both, as my personal representative or my trustee shall, in its discretion, determine.

(18)   In addition to all other powers and discretions hereinbefore or hereinafter granted to my personal representative and my trustee, I hereby expressly grant to and confer upon them full power, authority and discretion to retain as an investment hereunder any interest owned by me at the time of my death in any business enterprise or enterprises, whether conducted as proprietorship, partnership or corporation, for such period of time as my personal representative and/or trustee, in the exercise of its or their discretion, may deem to be advisable or proper, without any liability for any loss or depreciation in the value thereof; and I expressly authorize and empower my personal representative and/or trustee to continue, or to participate in the continuance of, the operation of any such business or businesses, for such time or times as my personal representative and/or trustee, in its or their judgment and discretion, may deem to be for the best interests of my estate and the trusts hereinbefore created, without any liability for loss or depreciation which may arise by reason of such continuation, with full power to keep and retain all the capital employed therein at the time of my death, to contribute such additional capital thereto from time to time as my personal representative and/or trustee may see fit, to employ such persons in such capacities (preferably persons employed therein at the time of my death), as it or they may deem advisable, to discharge any employees, to execute contracts, borrow money, extend credit, and in general to do and to perform any and all things incident to the operation and continuation of any interest in such business or businesses as fully and effectually as I could have done if I had continued to live and had remained the absolute owner thereof. My personal representative and my trustee shall also have full power to incorporate, or to participate in the incorporation of, any unincorporated business or businesses, and to receive and retain, as a part of my estate or any of the trusts hereinbefore created, the stock issued and representing my interest in such business or businesses, as a result of such incorporation, and any certificates issued by any partnership to evidence any interest in such partnership, for such period of time as my personal representative and/or trustee deems advisable or proper.

C.   (1)   If any life insurance proceeds or other funds or assets, including payments from any retirement plans, are payable directly to my trustee hereunder as beneficiary, I direct my trustee to collect such funds and make available to my personal representative such part of the funds as my personal representative, in its discretion, shall deem necessary or advisable for the payment of my funeral and administration expenses and death taxes, or to complete the funding of the Marital Share or any other bequest hereunder, without regard to the availability to my personal representative of any other assets. My personal representative shall, in any and all events, direct the allocation of such funds so that the Marital Share shall be funded to the full extent provided in this Will.

- 18 -

(2)     To the extent that my trustee shall have the right to exercise any option or election respecting the manner of payment of any funds or other assets which may be payable directly to the trustee as beneficiary, I direct that my trustee shall have the absolute discretion to exercise any such option or election in such manner as it shall deem advisable, regardless of the effect thereof on my estate, the trust estates created hereunder, or any beneficiary or other person interested therein, and the determination of my trustee in the exercise of any such option or election shall be final and binding on all persons interested therein.

D.      My personal representative and my trustee, while acting in good faith, shall not be liable or held responsible for any loss or depreciation in the value of my estate or of any trust created hereunder, but shall be liable only for loss resulting from its own willful default or gross negligence.

E.      I direct that all powers herein granted shall last beyond the termination of the trust or trusts herein created until a complete and final distribution of all assets held hereunder shall be made.

F.      I direct that if my trustee shall receive any payments from any so-called "qualified" pension or profit-sharing plan, my trustee shall have the absolute discretion to elect, in whole or in part, among an annuity option, installment method, lump-sum distribution or any other mode of settlement permitted under such qualified plan.

## ITEM FOURTEENTH

A.      (1)     I nominate BANK OF AMERICA, N.A., and its successors, and LOWELL R. BOWEN to be my trustee of the trusts hereinbefore created. IF LOWELL R. BOWEN is unable or unwilling to act, I appoint CHARLES T. BOWYER in his place, provided CHARLES T. BOWYER is an employee of the law firm of Miles & Stockbridge P.C. or its successor. If CHARLES T. BOWYER is unable or unwilling to act, I direct that the Board of Directors of Miles & Stockbridge or its successor shall have the right to designate a principal of that firm to act as personal co-trustee.

(2)     I direct that my individual co-trustee, by a written instrument filed among the records of the trust estate, shall have the continuing right to remove and to replace, and to successively remove and to replace, the Corporate co-trustee at any time acting hereunder.

(3)     Any trustee at any time acting hereunder shall have the right to resign at any time by giving thirty days notice to that effect to the then current adult income beneficiaries.

- 19 -

(4)    The trustee of any trust created hereunder shall have the right to move and remove the situs of the trust estate to any place within the United States of America.

B.    I appoint LOWELL R. BOWEN to be my personal representative. In the event that he shall fail to qualify or cease to act, I appoint CHARLES T. BOWYER, if he is in the employ of Miles & Stockbridge, P.C., to be my personal representative in his place or stead. If CHARLES T. BOWYER shall fail to qualify or cease to act, I direct that the Board of Directors of Miles & Stockbridge P.C. or its successor shall have the right to designate a principal of that firm to act as personal representative. It is a condition of each of these appointments that the allowable commissions of my personal representative shall not exceed 0.75% of the value of the property subject to administration.

C.    I direct that my personal representative be excused from bond.

D.    It is not my intention that the trusts hereby created shall be administered under the supervision of a court of equity, and in the event that my trustee shall at any time apply to any court for any purpose in connection with any such trust or the provisions of this my Will, it is my intention that such court shall have jurisdiction of the specific matter in question and shall not take jurisdiction over such trust or any other trusts unless requested so to do by my trustee.

E.    Any personal representative or personal co-trustee at any time or from time to time acting hereunder may be an employee, officer, director or stockholder of, or otherwise interested in, any corporation in the stock or other securities of which any part of my estate or of any trust hereunder may be invested, and may participate in the making of new investments in such stocks or other securities, and such co-personal representative or trustee shall be entitled to receive and retain, without accountability to anyone therefor, any compensation, emoluments or profits which she or he may derive from employment by, connection with, or interest in any such corporation.

F.    All powers (discretionary or otherwise) and all duties and immunities herein conferred or imposed upon the personal representative and upon the trustee shall be appurtenant to each respective office and shall devolve, respectively, upon any remaining or successor personal representative, and upon any surviving, remaining or successor trustees or trustee.

G.    My corporate co-trustee shall be entitled to receive commissions in accordance with its schedule of fees in effect from time to time and shall be entitled to receive reasonable additional compensation for services of any unusual nature, such as investigations relating to

- 20 -

payments to be made in the exercise of discretion conferred hereunder, and other unusual services of whatever nature not incidental to the normal management and administration of the trust estate.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my seal this 11th day of June, 2007.

_____ (SEAL)

THOMAS L. CLANCY, JR.

INITIALED upon the margins of the first 20 pages, SIGNED, SEALED, PUBLISHED and DECLARED by the above-named Testator, THOMAS L. CLANCY, JR., as and for his Last Will, in the presence of us, who at his request, in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses the day and year above-written.

NAME _Mary Beth Krish_          NAME _Mary R. Mutr_

ADDRESS _39185 Jocelyn Way_     ADDRESS _1525 Old Plum Point Road_

_Mechanicsville, MD 20659_      _Huntingtown, MD 20639_

- 21 -