IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ALEXANDRA M. CLANCY,          :

     Plaintiff,               :

                                                Case No. 17-cv-03371-ELH

v.                            :

JACK RYAN ENTERPRISES,        :
LTD., *et al.*,

                              :

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO FILE A FIVE-PAGE SURREPLY**

Alexandra M. Clancy, by her attorneys, opposes the Defendants' request to file a surreply.

Defendants have already filed 85 pages briefing the issues presented in the parties' respective cross-motions for summary judgment in contrast to the Plaintiff's 74 pages. When Plaintiff sought Defendants' consent to Plaintiff's motion seeking leave to file a 35 page Reply, they withheld it and actively opposed Plaintiff's motion. Although the Court granted Plaintiff an additional five pages, it declined to grant her the full 35 pages that she requested.

Surreplies are disfavored under Local Rule. 105.2.a. and may be permitted only "when the party seeking to file the surreply 'would be unable to contest matters presented to the court for the first time' in the opposing party's reply. However, a surreply is not generally permitted where the reply is merely responsive to an issue raised in the opposition." *Courtney-Pope v. Bd. of Educ.*, 304 F. Supp. 3d 480, 485 (D. Md. 2018) (citations omitted).

Seeking to characterize their proposed Surreply as necessitated by new matter, Defendants claim that Plaintiff has gone beyond the bounds of a proper Reply. However, all of the issues for

which the Defendants wish to have a "final word" have been presented in prior briefing. For example, Defendants complain that Plaintiff's citation of case law invoking the "instance and expense" test is entirely new and they must be given a chance to rebut it. Their argument neglects to mention that Plaintiff cited the cases invoking the "instance and expense" test to rebut Defendants' contorted arguments regarding work for hire. Plaintiff cited the authority to demonstrate that Defendants' construction of work for hire cannot be squared with the doctrine's ultimate purpose. Defendants certainly do not suggest that "work for hire" is a new issue after having devoted dozens of pages to its illumination.

This Court's policy disfavoring surreplies is well-established. The Court should therefore deny Defendants' request for leave to file their surreply.

                                         Respectfully submitted,

                                         /s/ *Norman L. Smith*
                                         Norman L. Smith, Fed Bar No. 24057
                                         nsmith@nusinovsmith.com
                                         Jeffrey E. Nusinov, Fed. Bar No. 26701
                                         jnusinov@nusinovsmith.com
                                         Paul D. Raschke, Fed. Bar No. 03428
                                         praschke@nusinovsmith.com
                                         NUSINOV SMITH LLP
                                         The Marbury Building
                                         6225 Smith Avenue, Suite 200B
                                         Baltimore, Maryland 21209
                                         (410) 554-3600

                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2020, a copy of the foregoing document was served in compliance with ECF guidelines on:

>Robert S. Brennan, Esquire
>Miles & Stockbridge, P.C.
>100 Light Street
>Baltimore, MD 21202
>
>Jerrold A. Thrope, Esquire
>Gordon Feinblatt, LLC
>233 E. Redwood Street
>Baltimore, Maryland 21202
>
>Scott J. Bornstein, Esquire
>Justin A. MacLean, Esquire
>Greenberg Traurig, LLP
>MetLife Building
>200 Park Avenue
>New York, NY 10166

>/s/ *Norman L. Smith*
>Norman L. Smith